# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **RANDEAN J. HENRY** | **CIVIL ACTION NO. 06-0305** |
| **VS.** | **SECTION P** |
| **RICHARD L. STALDER, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on February 17, 2006, by *pro se* plaintiff Randean J. Henry. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is presently incarcerated at the Steve Hoyle Rehabilitation Center (SHRC) in Tallulah, Louisiana, but he complains about conditions and incidents occurring during his month long stay at the Ouachita Parish Work Release Center (OPWRC), Monroe, Louisiana. He names LDOC Secretary Richard Stalder, Ouachita Parish Sheriff Richard Fewell, OPWRC Director Major Martin Evans, OPWRC Employment Director Captain Linda Hale**,** and Tyco Plastics as his defendants. He asks for declaratory judgments, injunctive relief and compensatory and punitive damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(i) and (ii) and 28 U.S.C. §1915A(b)(1).

## STATEMENT OF THE CASE

On June 27, 2005, plaintiff, an LDOC inmate, was permitted to attend the Blue Walters Substance Abuse Treatment Program. Thereafter, he was approved to participate in Louisiana's Work Release Center Program and requested assignments to either the Lafourche or Iberia Parish Work Release Centers. About one week before his scheduled graduation from Blue Walters, Hurricane Katrina struck Louisiana. Plaintiff was apparently in New Orleans when the storm hit; on September 2, 2005, he was evacuated from New Orleans and transported to Winn Corrections Center (an LDOC facility) in Winnfield, Louisiana.

On September 14, 2005, he was sent to the OPWRC in Monroe; however, because there was no bed space, he was housed in a tent on the grounds of the facility. Upon arrival he was provided pants, shirts, underwear, sheets, and a blanket. He was told to sign a receipt for the items and advised that the cost of these items would be deducted from his account. He was instructed by Captain Linda Hale to fill in various forms and sign an agreement to work for $6.00/hour. He was advised that should he fail to sign the agreements he would be charged with disciplinary rule violations.

On September 19, 2005, plaintiff was transported to Tyco Plastics, given tools and instructed on how to perform the duties of a Machine Operator #1. According to plaintiff, persons who perform this job are customarily paid $8.13 - $11.13/hour; however, he was only paid $6.00/hour.

On October 17, 2005, he was transported to Lafourche Parish for a hearing in the Seventeenth Judicial District Court. He spoke to the Warden and Classification Director of the Lafourche Parish Detention Center and asked them to transfer him to the Lafourche WRC. The

Lafourche authorities contacted Captain Hale at OPWRC; however, she refused to consider the transfer and demanded that plaintiff be returned to her custody immediately.

Plaintiff was returned to OPWRC on October 21, 2005. Upon his return he "...was retaliated against by being verbally abused by Capt. Linda Hale..." Plaintiff feared that Ms. Hale would file false disciplinary charges against him or physically abuse him; therefore, "...he became very depressed and scared..." and requested emergency mental health treatment.

Plaintiff was told to change into a jumpsuit so that he could be transported to the Ouachita Corrections Center (OCC). He requested that he be permitted to bring his personal property (clothes and legal documents), but his request was denied. He was threatened with bodily harm should he continue to request these items.

Captain Hale advised the transporting officer to tell the OCC administration that plaintiff should not be allowed to be released to the Lafourche Parish authorities and that she was placing a "hold" on him. Plaintiff was then transported to OCC and placed in a padded cell to await a mental examination.

On October 24, 2005, plaintiff was examined by Dr. Boyles. Boyles determined that plaintiff had no mental problems and asked plaintiff if he wanted to return to the OPWRC. Plaintiff advised that he did not want to return to the OPWRC but that he would like to be sent to the Lafourche Parish Work Release Center.

Plaintiff claims that the Ouachita Corrections Center has no prisoner grievance procedure; however, he claims that on some unspecified date he mailed an Administrative Remedies Procedure Grievance complaining about the conditions at the OPWRC to the Internal Affairs Section of the LDOC. He claims to have received no response from that agency. He filed his

federal civil rights suit on February 17, 2006.

## STATEMENT OF CLAIMS

Plaintiff raises nine claims for relief, paraphrased as follows:

1. LDOC Secretary Stalder violated plaintiff's due process rights by failing to promulgate rules and regulations for the removal of an inmate from the Work Release Program.

2. Ouachita Parish Sheriff Richard Fewell violated plaintiff's due process rights by

(a) failing to establish rules and regulations for the administration of the work release program in accordance with La. R.S.15:1111, and

(b) failing to properly supervise Captain Hale and allowing her to violate plaintiff's constitutional rights.

3. OPWRC Director Martin Evans violated plaintiff's due process rights by failing to properly supervise Capt. Hale and allowing her to violate plaintiff's constitutional rights.

4. Captain Linda Hale violated plaintiff's due process rights by removing him from work release without a due process hearing.

5. Captain Linda Hale violated his due process rights by depriving him of his personal property without a due process hearing.

6. Captain Linda Hale violated his right to be free from cruel and unusual punishment by

(a) retaliating against plaintiff for exercising his right to the Administrative Remedy Procedures;

(b) for the Lafourche Parish Sheriff's Office trying to keep me there to get into the WRC and returning me back to the Center the next day; and,

(c) by placing a "hold" on plaintiff to prevent plaintiff from being released to another

4

agency.

7. Captain Linda Hale deprived him of rights guaranteed by the Fair Labor Standards Act and R.S. 15:1111 by forcing him to work for less than customary wages for an employee performing the same duties.

8. Tyco Plastics deprived him of rights guaranteed by the Fair Labor Standards Act and R.S. 15:1111 by forcing him to work for less than customary wages for an employee performing the same duties.

9. That all defendants deprived him of his "earned privilege to work release to be able to earn money for providing his child and for his release into society and to pay his fine and child support payments ..."

Plaintiff prays for judgments declaring that the actions of the defendants as described in the claims for relief violated plaintiff's due process rights and his right to be free from cruel and unusual punishment; he prays for an injunction prohibiting the defendants from retaliating against him; he prays for compensatory damages of $201.00 (for clothing and linen) and $891.57 (as compensation for "customary wages"); punitive damages of $100,000 from defendants Stalder, Fewell, and Evans and $500,000 from defendant Hale; and, for an order directing the LDOC to reinstate plaintiff's privilege to go to a work release center in Lafourche or Iberia Parish.

## **LAW AND ANALYSIS**

### 1. Initial Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without

5

service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). The same standards support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss such prisoner suits as frivolous based upon the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff has provided a detailed description of his claims and each claim is supported by specific factual allegations; the court concludes that plaintiff has pled his best case and that the matter is susceptible of resolution on initial review.

## 2. Liberty Interest/Property Interest and Due Process

In order to hold any of the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d 999, 1005 (5th Cir. 1985). As shown above, plaintiff argues nine specific claims for relief. Claims 1, 2, 3, 4, and 5 are explicit claims concerning the deprivation of either liberty or property without due process. Claims 7, 8, and 9 are implicit due process claims. In Claims 1-4 plaintiff contends that the defendants Stalder, Fewell, Evans, and Hale, deprived him of his right to participate in the LDOC work release program and thus violated his right to Due Process; in Claim 5 he contends that defendant Hale deprived him of personal property (legal material, money, clothes, personal documents, paperwork) without due process. In Claims 7 and 8 he implies the deprivation of a property right without due process and in violation of the federal Fair Labor Standards Act and La. R.S.15:1111. In Claim 9 he implies the deprivation of a property right without due process.

Plaintiff has neither a liberty nor property interest in the work release program and therefore his due process claims are frivolous. La. R.S.15:1111, the statute establishing the work release program, provides in part, "The Department [of Corrections] shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the release program. Any convict sentenced to imprisonment at hard labor shall be

eligible at any time during his sentence to participate in the work release program..."

In *Welch v. Thompson*, 20 F.3d 636 (5th Cir. 1994), the Fifth Circuit determined that La. R.S.15:1111 entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC whom it must put on work release. In short, the Fifth Circuit held that "...La. R.S.15:1111 <u>does not create a liberty interest</u> subject to the Due Process Clause." *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994). Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that a constitutional right has been violated.

To the extent that plaintiff also claims that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, his argument lacks an arguable basis in law and fact. In *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it. Rather, he must "have a legitimate claim of <u>entitlement</u> to it." *Id.* (emphasis supplied). Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." *Id.* at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988). Plaintiff not only claims that he is entitled to all of the benefits of Louisiana's work release program, but he also claims that he is entitled to participate in the work release program

at the facility of his choice. As was shown above, plaintiff was examined by a mental health professional on October 24, 2005, and, when that physician asked him if he wanted to return to work at the OPWRC, plaintiff refused, stating that he wanted to go to the WRC in either Lafourche or Iberia Parish.

Plaintiff does not deny that his incarceration is lawful. Lawfully incarcerated persons retain only a narrow range of protected liberty interests. Broad discretionary authority is necessary because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners do not have a constitutionally derived liberty interest in being held in any particular institution. See *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000). Plaintiff had neither a liberty nor property interest in his continued eligibility to participate in the

work release program; he clearly had no entitlement to participate in the program at the site of his choice. Claims 1, 2, 3, 4, 7, 8, and 9 are frivolous and dismissal on that basis is recommended.

### 3. The *Parratt/Hudson* Doctrine

In Claim 5 plaintiff asserts that he was deprived of his personal property in violation of his rights to due process when the OPWRC, on instructions from Captain Hale, refused to allow him to retain possession of various items of personal property when he was transferred to the Ouachita Corrections Center.

In *Parratt v. Taylor*, 451 U.S. 527, 544, 107 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id.,* 451 U.S. at 536-37, 101 S.Ct. at 1913. The Due Process Clause does not embrace tort law concepts. *Id.* Although a prisoner may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford the prisoner a remedy. *Daniels,* 474 U.S. at 335, 106 S.Ct. at 667.

Even in instances where <u>intentional</u> deprivation occurs, as plaintiff contends was the case herein, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). This principle (known as the *Parratt/Hudson* doctrine) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible.

10

*Davis*, 70 F.3d at 375, citing, *Zinermon v. Burch*, 494 U.S. 113, 128-32, 110 S.Ct. 975, 985-86, 1098 L.Ed.2d 100 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

In this case, plaintiff's allegations, accepted as true for purposes of this evaluation, demonstrate that an intentional, random, and unauthorized deprivation occurred when various items of personal property were seized from him by a prison official. If adequate state law remedies are available, no further due process is required under the Constitution.

Louisiana law provides plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility. See, La. Civil Code, Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871 (1992).

A liberal construction of plaintiff's complaint fails to support a constitutional violation; plaintiff's Claim 5 is clearly barred by the *Parratt/Hudson* doctrine. Unless plaintiff can show that the defendants violated his constitutional rights, plaintiff's claim is not a cognizable claim under §1983. Therefore, this claim is also frivolous.

### 4. Cruel and Unusual Punishment

In Claim 6, plaintiff alleges that Captain Hale violated his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment "...by retaliating against plaintiff for [e]xercising his right to the Administrative Remedy Procedures (Grievance) ..." and for placing a "hold" on plaintiff to prevent him from being released to another agency.

In the first instance, plaintiff asked officials with the Lafourche Parish Sheriff's Office to get him transferred from Ouachita Parish to Lafourche Parish. When these efforts failed, he claimed that Captain Hale "retaliated" by verbally abusing plaintiff. Plaintiff also became depressed because he was fearful that Hale would file false charges against him or physically abuse him.

To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998). The inmate must be able to point to a specific constitutional right that has been violated. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). The inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997). Conclusory allegations of retaliation are insufficient. *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995) "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.' " *Id.* (citation omitted). Causation requires an inmate to show that but for the retaliatory motive, the adverse action would not have occurred. *McDonald*, 132 F.3d at 231. Finally, there must be some retaliatory adverse act that plaintiff can point to.

In this case, plaintiff is unable to show a retaliatory adverse act. Plaintiff claims only that he was <u>verbally</u> abused by Captain Hale in retaliation for his efforts to obtain a transfer to Lafourche Parish. However, a prisoner's allegations of verbal abuse or of threats of abuse by a custodial officer are insufficient to state a constitutional violation. See *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir.2002); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993); *Lynch*

12

*v. Cannatella*, 810 F.2d 1363, 1376 (5th Cir.1987).

Further, to the extent that he claims that his fear of disciplinary charges or of physical abuse were the result of this Eighth Amendment violation, his claims fare no better. 42 U.S.C. §1997e was amended by the Prison Litigation and Reform Act of 1996. Under the current version of the statute, prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997).

The Fifth Circuit Court of Appeals has determined that with respect to the application of the above cited statutory provision, "... it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). Here, plaintiff has shown no physical injury associated with his fear and depression. Therefore his Eighth Amendment Claim is frivolous.

     5. Violations of the Fair Labor Standards Act and La. R.S.15:1111

Finally, plaintiff alleges that Captain Hale and Tyco Plastics violated the provisions of La. R.S.15:1111 and the federal Fair Labor Standards Act (FLSA), 29 U.S.C. §209 *et seq*.

With regard to the alleged violation of R.S.15:1111, the law is clear: a violation of state law does not state a constitutional claim cognizable under 42 U.S.C. §1983. *Giovanni v. Lynn*, 48 F.3d 908, 912-13 (5th Cir. 1995). Claims 7 and 8, to the extent that they allege that the defendants

deprived him of rights guaranteed by R.S.15:1111, are frivolous.

Further, as a matter of law, the sheriff or custodian of an inmate who participates in work release is not the "employer" for purposes of the FLSA. *Reimonenq v. Foti*, 72 F.3d 472, 475-76 (5th Cir. 1996). As stated above, in order to hold any of the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show not only that a constitutional right has been violated but also that the conduct complained of <u>was committed by a person acting under color of state law, that is, that the defendant was a state actor</u>. See *Hessbrook v. Lennon*, 777 F.2d 999, 1005 (5th Cir. 1985). Plaintiff has not shown that Tyco Plastics was operating under "color of state law" so as to visit §1983 liability upon them.

Therefore, the claims asserted against defendants Hale and Tyco Plastics are without any basis in law and fact and subject to dismissal on that basis.

Finally, plaintiff claims that he was paid "less than the customary wages for an employee performing the same duties" and that this action by defendants Hale and Tyco violated rights guaranteed to the plaintiff by the FLSA. This claim is factually and legally without merit. The FLSA sets a minimum wage for employment. Currently the minimum wage is $5.15/hour. See 29 U.S.C. §206(a)(1). Plaintiff was paid at least $6.00/ hour. Therefore, plaintiff's claim that the defendants violated rights guaranteed by the FLSA is without a basis in law or fact and subject to dismissal as frivolous.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 8th day of May, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE